UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO.  8:07-cr-99-T-23TBM
                                                          8:16-cv-3111-T-23TBM

ELEAZAR CAMACHO-MALDONADO
_____/

**O R D E R**

Camacho-Maldonado moves to vacate under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his convictions for both conspiracy to possess with intent to distribute cocaine while aboard a vessel and possession with the intent to distribute five or more kilograms of cocaine while aboard a vessel, for which offenses he was sentenced to 151 months.[1]  Camacho-Maldonado cannot pursue this action without permission from the circuit court.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2] (finding the summary dismissal of a Section 2255 motion

---

[1] The calculation of Camacho-Maldonado's sentence is based in part on his responsibility for 15,157 kilograms of cocaine.

[2] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Camacho-Maldonado's earlier challenge to this same conviction was dismissed as time-barred. *United States of America v. Eleazar Camacho-Maldonado*, 8:13-cv-2405-T-23TBM. Camacho-Maldonado cannot pursue a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The determination that the earlier motion to vacate was time-barred precludes Camacho-Maldonado from again challenging either his conviction or his sentence without first obtaining authorization from the circuit court, as *Candelario v. Warden*, 592 Fed. App'x 784, 785 n.1 (11th Cir. 2014), *cert. denied sub nom. Candelario v. Wilson*, 135 S. Ct. 2367 (2015), explains:

> [A] second petition is successive if the first was denied or
> dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329
> (11th Cir.1999) (discussing § 2254), and a dismissal for

> untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

This new action is, therefore, a second or successive action that is subject to specific restrictions because a district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). Section 2255(h) permits authorizing a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

As a consequence, Camacho-Maldonado must obtain authorization from the circuit court to file a second or successive motion to vacate before jurisdiction is proper in the district court to review a second or successive motion under Section 2255.

Camacho-Maldonado fails to represent that the circuit court has granted him the necessary authorization.³

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.  The clerk must close this case.

# DENIAL OF BOTH A
# CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Camacho-Maldonado is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Camacho-Maldonado must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir

---

³ Camacho-Maldonado asserts entitlement to the retroactive application of Amendment 794, U.S. Sentencing Guidelines, which clarifies entitlement to a decrease of the offense level based on the defendant's role in the offense. The amendment became effective in 2015; Camacho-Maldonado was sentenced in 2007. Camacho-Maldonado erroneously asserts entitlement to the retroactive application of Amendment 794 based on *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), which holds "that [Amendment 794] applies retroactively to direct appeals." Camacho-Maldonado is seeking relief on collateral review not on direct appeal. Under Section 1B1.10(a)(2)(A), an amendment to the Sentencing Guidelines is not applied retroactively unless it is listed in Section 1B1.10(d). Because it is not listed in Section 1B1.10(d), Amendment 794 is not afforded retroactive effect.

2001).  Because the motion to vacate is clearly second or successive, Camacho-Maldonado is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Camacho-Maldonado must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 14, 2016.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE